## SETH H. REDMOND
### *v.*
## GEORGE T. BEDFORD *et al.*

1. AWARD—*its requisites.* There must be reasonable certainty in an award to render it conclusive upon the rights of parties.

2. SAME—*effect of a simple reversal of an award by the committee of appeals in the Board of Trade of Chicago.* A simple reversal by the committee of appeals of an award made by the committee of arbitration, decides nothing, merely leaving the parties to the submission where they stood before; and such proceedings constitute no bar to a suit by one of the parties against the other, in reference to the matter in dispute.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. GOUDY & CHANDLER, for the plaintiff in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit brought by the plaintiff in error against the defendants in error to recover the value of a quantity of oats alleged to have been shipped to the defendants as commission merchants, and to have been sold by them. The defendants pleaded the general issue, and a special plea setting forth in substance, that the matter in controversy had been, by agreement between the parties, submitted to the arbitrament of the committee of arbitration of the board of trade, in the city of Chicago; that that committee had made an award requiring the defendants to pay the plaintiff for the oats; that the defendants had appealed to the committee of appeals of the board, and that that committee had awarded "that the said award and decision of the aforesaid arbitrators so as aforesaid appealed by the said defendants was erroneous, and should be, and was in all things, reversed by the said committee of appeals."

There was a demurrer to this plea. The demurrer was over-ruled and judgment was given against the plaintiff for costs, and he brings the record here, assigning for error the overruling of the demurrer. The defendant in error has filed no argument. Various objections are alleged to the plea, but we deem it necessary to consider but one. It is clear that the so-called award of the committee of appeals decides nothing. It simply reverses the finding of the committee of arbitration, leaving the parties where they stood before. It may have reversed that award for some technical reason, or because the committee of appeals thought the committee of arbitration allowed the plaintiff too much. They do not decide that he is entitled to nothing. They do not determine the rights of the parties, but merely decide that the award of the inferior committee shall not stand. If they had intended to award that the plaintiff should not receive any thing from the defendant for the oats, they should have so found. There must be reasonable certainty in an award to render it conclusive upon the rights of parties. We are wholly unable to determine from this award whether the committee of appeals intended to decide that the plaintiff had no claim whatever against the defendant. The judgment is reversed and the cause remanded.

*Judgment reversed.*